IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL NORMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 07-670-WDS |
| | ) |
| STATE OF ILLINOIS, *et al*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for allegedly unlawful conditions of confinement. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief
    may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of

the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Liberally construing the complaint and attachments, it appears that on or about September 29, 2006, Plaintiff told Defendant Clark that he had an upset stomach and needed to use the "B-side bathroom" because the "A-side bathroom" was closed for cleaning. Plaintiff alleges that Clark told him that he could not use the "B-side bathroom." Plaintiff states that at that point he "couldn't hold it any longer" and, therefore, soiled himself. At Plaintiff's request, Defendant Carrell was summoned and Carrell took Plaintiff to segregation where Plaintiff was allowed to take a shower. As a result of Plaintiff's actions, Defendant Clark issued Plaintiff a disciplinary report for insolence. Plaintiff was found guilty of the violation and received the following sanctions: six days confinement in segregation; housing change; assignment change; loss of commissary privileges for one month; and loss of recreation for one month. This disciplinary action was later expunged from Plaintiff's file, but he was not given his prior prison job back.

The Eighth Amendment's prohibition against cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16

2

F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In the present case, Plaintiff's complaint does not allege facts satisfying the objective component of an Eighth Amendment claim. By itself, denying plaintiff the use of the "B-side bathroom" does not rise to the level of a constitutional claim. Although plaintiff did soil himself, he was allowed to take a shower to clean himself. There is no indication that plaintiff remained in his dirty clothes for an unreasonable or extraordinary amount of time. Consequently, the allegations of the complaint fail to indicate that Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment.

To the extent that Plaintiff seeks damages for alleged violations of his due process rights in connection with the disciplinary action, his claim should also be dismissed. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has

3

a liberty interest in remaining in the general prison population only if the conditions under which he is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

As noted above, the discipline imposed on Plaintiff consisted of a few days in administrative segregation combined with the loss of his commissary privileges and recreation time for a period of one month. Additionally, plaintiff had his housing and job assignments changed. Nothing in the complaint or exhibits suggests that these sanctions were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Finally, Plaintiff's § 1983 damages claim against the State of Illinois lacks merit because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 17, 2007**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
